ROGERS JOSEPH O'DONNELL
ROBERT C. GOODMAN (State Bar No. 111554)
*rgoodman@rjo.com*
ANN M. BLESSING (State Bar No. 172573)
*ablessing@rjo.com*
D. KEVIN SHIPP (State Bar No. 245947)
*kshipp@rjo.com*
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Defendants
CHEVRON U.S.A. INC. and
CHEVRON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CHEVRON U.S.A. INC., CHEVRON CORPORATION, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 4:09-cv-00669-CW<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

Subject to the approval of this Court, Defendants Chevron U.S.A. Inc. and Chevron Corp. (collectively "Defendants") and Plaintiff Northern California River Watch ("Plaintiff") in the matter entitled *Northern California River Watch vs. Chevron U.S.A. Inc. and Chevron Corporation Case; No. 4:09-cv-00669-CW* (the "Action") hereby stipulate to this agreement and proposed protective order ("Stipulation and Protective Order").

This Stipulation and Protective Order is designed to: 1) maintain the confidentiality of business information, and 2) provide for the return of inadvertently produced attorney-client and work product protected information.

## Confidential Material

1. The term "Confidential Material" as used in this Stipulation and Protective Order means trade secrets and commercial and financial information that is entitled to confidential treatment, including but not limited to: information which has not been made public and which concerns or relates to the processes, operations, type of work, or apparatus, or to the production, sales, shipments, purchase, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2. In connection with discovery proceedings in this action, the parties may designate any documents, things, materials, testimony or other information derived therefrom as Confidential Material under the terms of this Stipulation and Protective Order. By designating a document, thing, material, testimony or other information derived therefrom as Confidential Material, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3. The producing party may designate Confidential Material as follows:

(a) The producing party may designate documents as Confidential Material by placing or affixing on documents produced the word "CONFIDENTIAL." The information may be stamped "CONFIDENTIAL" on one or more pages of the document. Stamping "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as Confidential Material, unless otherwise indicated by the producing party. The information in a series of documents also may be identified as Confidential Material by a warning attached to the folder in the compact disk (or similar storage device) that contains the documents. If a readily identifiable set of documents contains Confidential Material in its entirety, that set may be designated as Confidential Material by a written statement provided at the time such documents are produced. All such documents shall be

referred to in this Stipulation and Protective Order as "unredacted Confidential Material" and shall be treated in their entirety, without specific designation of the particular confidential information therein, as confidential in accordance with the provisions of this Stipulation and Protective Order.

(b) The responding party may designate information set forth in an answer to an interrogatory as Confidential Material by clearly indicating that portion of the response which the party is designating as confidential. Information contained in an answer to any question asked during a deposition taken pursuant to Fed. R. Civ. P. 30 or 31 may be so designated by a statement indicated on the record during the course of the deposition and on the same day that the answer is given, or within thirty (30) days after a party receives a copy of the deposition transcript. Any answers given, or exhibits introduced, during the course of a deposition that contain Confidential Material shall be treated as confidential under this Stipulation and Protective Order. The deposition cover page shall be stamped as follows:

> This deposition contains Confidential Material subject to a Stipulation and Protective Order Governing Confidential Information entered in *Northern California River Watch v. Chevron U.S.A Inc., et al.*, Case No. 4:09-cv-00669-CW.

4. In addition to producing documents containing unredacted Confidential Material pursuant to the provisions of this Stipulation and Protective Order, the parties may make available copies of such documents from which Confidential Material has been redacted. The parties shall cooperate reasonably with one another in redacting Confidential Material from documents for the purposes of preparing exhibits or papers in this action, to the extent such redaction is necessary. Such redacted documents may be disclosed to any person or party without restriction by any provision of this Stipulation and Protective Order.

5. Documents produced by the parties prior to the entry of this Stipulation and Protective Order may be designated as Confidential Material by the producing party by letter to the requesting party mailed within thirty (30) days of the date of entry of this Stipulation and Protective Order indicating the Bates number or other information identifying the

documents to be so designated, and the documents so designated shall be subject to the terms of this Stipulation and Protective Order.

6. All persons receiving copies of documents, deposition transcripts, responses to written discovery, or other matter designated as unredacted Confidential Material shall maintain such Confidential Material in their possession in a manner sufficient to protect such material against unauthorized disclosure. Any person who is permitted access to unredacted Confidential Material in accordance with this Stipulation and Protective Order may make copies, duplicates, extracts, summaries, or descriptions of such documents or any portion thereof only for the purposes stated in Paragraph 7 below. All copies or duplicates shall be subject to the terms of this Stipulation and Protective Order just as if they were originals and shall be dealt with under the terms of this Stipulation and Protective Order to protect against unauthorized disclosure.

7. Unredacted Confidential Material shall be used solely for the purpose of prosecuting, defending, settling, or otherwise conducting the Action and any appeals thereof, and not for any other purpose whatsoever. Except as the Court in this Action may otherwise provide, unredacted Confidential Materials and any copies thereof, and notes made thereof, shall be disclosed only to counsel for a party to this Action or any appeals thereof, and the following "Authorized Persons":

    (a) the paralegal, clerical, and secretarial staff employed by counsel for a party;

    (b) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this Action or any appeals thereof;

    (c) Experts or consultants (together with their clerical and secretarial staff) retained by a party or its counsel to assist in the prosecution, defense, or settlement of this Action or any appeals thereof.

    (d) court reporter(s) employed in this Action or any appeals thereof;

    (e) a witness at any deposition or other proceeding in this Action or any

appeals thereof; and

(f) any other person as to whom the parties in writing agree.

8. Prior to receiving any unredacted Confidential Material, each Authorized Person shall be provided with a copy of this Stipulation and Protective Order and shall execute a Nondisclosure Certification in the form of Attachment A.  Counsel for the party to this Action disclosing the unredacted Confidential Material to an Authorized Person shall retain a copy of all such agreements.  In the event that further disclosure is made by an Authorized Person, consistent with the terms and conditions of this Stipulation and Protective Order, such Authorized Person shall forward to counsel for the party that originally disclosed the information copies of any Certifications executed by persons to whom such further disclosure is made.  Counsel for the disclosing party shall, upon request, forward all such Certifications to counsel for the other parties.  The provisions of this Stipulation and Protective Order shall be binding upon each person to whom disclosure is made.  Counsel for a party to this Action shall be deemed bound by the provisions of this Stipulation and Protective Order by virtue of his or her execution of this Stipulation and Protective Order on behalf of the party or parties he or she represents.  Execution of this Stipulation and Protective Order by any counsel for any party in this Action shall be sufficient to bind any member or associate of that counsel's law firm, including non-attorney employees of a law firm representing a party to this Action.

9. Counsel to any party to the Action or any appeals thereof, who has not executed this Stipulation and Protective Order prior to its approval and entry by the Court shall execute a counterpart signature page prior to disclosure of Confidential Material to such counsel or any other Authorized Person acting on behalf of such counsel or the party he or she represents.  All such counterpart signature pages shall be filed with the Court.

10. All depositions in this Action of persons who have specific knowledge of Confidential Material shall be held in the presence only of the deponent, the parties, their counsel, officers of the Court involved in this Action (including the court reporter), and any other persons described in Paragraph 7 who have executed the Nondisclosure Certification

attached as Attachment A hereto. If, during the course of a deposition of a witness other than one who has specific knowledge of Confidential Material, it becomes necessary to reveal any Confidential Material, all persons other than those described in this Paragraph may be asked to leave the deposition room and, if asked, shall comply. It shall be the duty of counsel to ensure compliance with this Paragraph. The deposition transcript and any exhibits thereto shall be treated in accordance with Paragraph 3, above.

11. If a party seeks to submit, or present to, or file any portion of any pleading, motion, deposition transcript or other document with the Court which contains unredacted Confidential Material, it shall do so in accordance with United States District Court, Northern District of California's Civil Local Rule 79-5. It will be presumed that all Confidential Material is sealable unless the Court determines otherwise or the parties meet and confer and agree that the Confidential Material is not sealable.

12. Nothing in the foregoing provisions of this Stipulation and Protective Order shall be deemed to preclude the parties from objecting to the designation of documents or other discovery material as Confidential Material. In such event, the party objecting to any such designation shall have the burden of filing a motion with the Court challenging such designation; the party designating such material as confidential shall have the burden of demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this Stipulation and Protective Order. During the pendency of any motion under this Paragraph, the documents that are the subject of such motion shall continue to be treated as confidential under this Stipulation and Protective Order.

13. The provisions of this Stipulation and Protective Order shall not be construed as preventing: (a) the disclosure of Confidential Material by the party which designated the information as such, and (b) the disclosure of Confidential Material to any judge, special master, magistrate or employee of a court for purposes of this Action or any appeals thereof.

14. In the event that any unredacted Confidential Material is used in any proceeding in this Action or any appeals thereof, it shall not thereby lose its confidential

status and, to the greatest extent possible, the party using such unredacted Confidential Material shall preserve its confidentiality during such use, as required by and consistent with the terms of this Stipulation and Protective Order.

15. In the event of inadvertent disclosure of unredacted Confidential Material by any person bound by the terms of this Stipulation and Protective Order, the party making such disclosure shall take steps to remedy any breach of confidentiality resulting from the disclosure. Steps to be taken shall include, as appropriate, limiting further dissemination of the information disclosed, retrieving copies of documents inadvertently circulated, withdrawing and refiling papers under seal, and similar actions. In the event of a dispute between the parties concerning the scope or application of this Paragraph, any person who is bound by the terms of this Stipulation and Protective Order or who has submitted unredacted Confidential Material pursuant to this Stipulation and Protective Order may petition the Court for appropriate relief.

16. Within sixty (60) days after the termination of this Action or any appeal thereof, or within such other time as counsel for the parties may agree, counsel for the parties shall assemble and return to the producing party all unredacted Confidential Material and copies of same or certify the destruction thereof.

17. This Stipulation and Protective Order shall survive the termination of this Action, and the Court shall retain jurisdiction to enforce and resolve disputes under this Stipulation and Protective Order. All unredacted Confidential Material shall continue to be treated as confidential in accordance with this Stipulation and Protective Order. The Clerk of the Court shall maintain under seal all papers filed under seal until the Court orders otherwise.

18. Pending Court approval of this Stipulation and Protective Order, counsel for any party who has signed this Stipulation and Protective Order and any person who has executed the Nondisclosure Certification attached hereto as Attachment A shall be bound by the terms of this Stipulation and Protective Order and shall treat all Confidential Material received in accordance with the terms thereof. In the event that this Stipulation and

Protective Order or a modification hereof agreed to by the parties is not approved by the Court, all Confidential Material shall be treated in accordance with Paragraph 16, above.

### Privileged Material

19. During discovery, attorney-client privileged and attorney work product protected information may be inadvertently disclosed through documents, testimony, or other means ("Privileged Material"). Plaintiff and Defendants stipulate that such inadvertent disclosure of Privileged Material does not constitute a waiver. Pursuant to Federal Rules of Evidence Rule 502(d), this Stipulation and Protective Order shall be binding on all persons and entities in all state and federal proceedings, whether or not they are parties to the matter before the Court.

20. The terms "attorney-client privilege" and "work product protected" as used in this Stipulation and Protective Order shall have the same meaning as those phrases are giving in Federal Rules of Evidence Rules 502(f)(1)-(2).

21. If a party discovers or suspects that Privileged Material was produced inadvertently, the material shall only be examined to the extent necessary to determine that it is Privileged Material.

22. If a party discovers or suspects that it has received Privileged Material, that party shall immediately notify counsel for the opposing party or parties by email.

23. If a party discovers or suspects that it has produced or otherwise transmitted Privileged Material to another party, it shall immediately inform the receiving party by e-mail.

24. If a party receives notice or discovers that it is in possession of Privileged Material, it shall immediately take steps to prevent any further inadvertent disclosure. In addition, the receiving party shall transmit the Privileged Material to the party or attorney holding the attorney-client privilege or work product protection within five (5) business days.

25. If a party disputes the claim that material is Privileged Material, the parties will attempt to resolve the dispute informally or refrain from using the material until a order can be obtained by the Court.

This agreement may be signed by counsel in counterparts.

Attachments:  Attachment A – Nondisclosure Certification

IT IS SO STIPULATED

Dated:  May\_\_, 2010                    ROGERS JOSEPH O'DONNELL

By: _____
    ROBERT C. GOODMAN
    Attorneys for DEFENDANTS CHEVRON
    U.S.A. INC. AND CHEVRON
    CORPORATION

Dated:  May\_\_\_, 2010                    LAW OFFICE OF JACK SILVER

By: _____
    JACK SILVER
    Attorneys for NORTHERN CALIFORNIA
    RIVER WATCH.

**Attachment A**

NONDISCLOSURE CERTIFICATION

The undersigned is currently working at _____, which is located at _____. *[During the past one (1) year period, the undersigned has been employed or otherwise engaged as an attorney or employee of, or a consultant or contractor to, the following entity, located at the following address:*

*Company Name:_____*

*Address:_____]*

The undersigned hereby states, under penalty of perjury, that he/she has read the Stipulation and Protective Order Protecting Confidential Information entered by the Court in *Northern California River Watch v. Chevron U.S.A. Inc, et al.*, Case No. 4:09-cv-00669-CW, understands the terms thereof, and agrees, upon threat of penalty of contempt of court, civil claims by the party whose claim of confidentiality has been breached, and/or criminal penalties under 18 U.S.C. § 1905 or 42 U.S.C. § 9604(e)(7)(B), to be bound by such terms. The undersigned further agrees to submit to the jurisdiction of the Court in connection with any claim that he/she failed to abide by the terms of the Stipulation and Protective Order. The undersigned further agrees to keep any Confidential Material obtained by him/her within his/her exclusive possession, place the material in a secure and segregated location, and agrees not to disclose the material other than to those to whom disclosure is specifically authorized by the Stipulation and Protective Order. He/she further agrees not to use or disclose the material other than as authorized by the Stipulation and Protective Order. The undersigned agrees that the pledge of secrecy under this agreement continues in perpetuity after the above-captioned litigation is concluded.

Executed this ____ day of _____, in _____.

_____
[SIGNED]

IT IS SO ORDERED.

PURSUANT TO STIPULATION IT IS HEREBY ORDERED:

The Court finds that good cause exists for the issuance of an order requiring limited disclosure of Confidential Information and for the claw back of inadvertently disclosed Privileged Material. Entry of this Protective Order is appropriate pursuant to Federal Rule of Civil Procedure 26(c).

Dated: May 12, 2010

_____
HONORABLE CLAUDIA WILKEN
United States District Court Judge

Stipulation and Protective Order Regarding Confidential Information
CASE NO: 4:09-cv-00669-CW

288736.4